UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JETHRO WRIGHT,<br><br>       Plaintiff,<br><br>-against-<br><br>BANK OF NEW YORK MELLON TRUST COMPANY, N.A. as Trustee for Mortgage Assets Management Series I Trust; WILLIAM KEOHLER, ESQ., an individual; JOHN DOE;<br><br>       Defendants. | 1:23-CV-2565 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Jethro Wright, of St. Helena Island, Beaufort County, South Carolina, filed this *pro se* action invoking the court's diversity jurisdiction.[1] He sues: (1) "Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust" ("Bank of New York Mellon"), of New York, New York; (2) William Keohler, Esq., of Columbia, South Carolina; and (3) an unidentified "John Doe" defendant whose location is unknown. Plaintiff's claims arise from the defendants' alleged efforts to end Plaintiff's ownership of real property located on St. Helena Island, South Carolina. Plaintiff seeks an unspecified amount of compensatory damages exceeding $75,000, an unspecified amount of punitive damages, as well as other unspecified relief. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the District of South Carolina.

---

[1] Plaintiff's amended complaint is the operative pleading for this action. (ECF 4.)

## DISCUSSION

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff, who alleges that he resides in South Carolina, alleges that Bank of New York Mellon resides in New York, New York (*see* ECF 4, at 3-4), which is within this federal judicial district.[2] He also alleges that Defendant Keohler resides in South Carolina. (*Id.* at 4; ECF 4-1, at 1.) Plaintiff does not allege, however, where the unidentified "John Doe" defendant resides. Thus, Plaintiff does not allege facts sufficient to show that, under Section 1391(b)(1), this court, or any other federal district court, is a proper venue for this action.

Plaintiff also alleges, however, that the events that are the bases for his claims occurred in Beaufort, Beaufort County, South Carolina (ECF 4, at 5), and that the real property at issue is located on St. Helena Island, Beaufort County, South Carolina (ECF 4-2, at 1-7). Thus, while it is clear that, under Section 1391(b)(2), this court is not a proper venue for this action, it is also

---

[2] This federal judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

2

clear that, under that statutory provision, the United States District Court for the District of South Carolina is a proper venue for this action. *See* 28 U.S.C. §§ 121(11) (the State of South Carolina constitutes one federal judicial district, and its Beaufort Division includes Beauford County, South Carolina), 1391(b)(2).

Under 28 U.S.C. § 1406(a), if a plaintiff files a federal civil action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because venue lies in the District of South Carolina, *see* § 1391(b)(2), in the interest of justice, this Court transfers this action to the United States District Court for the District of South Carolina, *see* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of South Carolina. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  April 4, 2023
        New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge